UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| MICHAEL THEDFORD, | |
| Plaintiff, | |
| v. | CAUSE NO.: 3:23-CV-865-TLS-APR |
| OLMSTEAD, et al., | |
| Defendants. | |

**OPINION AND ORDER**

Michael Thedford, a prisoner proceeding without a lawyer, filed a Complaint under 42 U.S.C. § 1983. ECF No. 1. As required by 28 U.S.C. § 1915A, the Court must screen the Complaint and dismiss it if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. To proceed beyond the pleading stage, a complaint must contain sufficient factual matter to "state a claim that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Mr. Thedford is proceeding without counsel, and therefore the Court must give his allegations liberal construction. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Mr. Thedford claims he has been living in unduly dirty conditions at the St. Joseph County Jail since July 2023. He claims the walls are covered with "black mold" and the showers have "flocks of gnats," "drain flies," and "maggots swimming around" in them. He further alleges that the air vents in the jail are visibly clogged with dust and debris and that he has been forced to wear "mildewed clothing." He claims there is a policy requiring that inmates be given

adequate cleaning supplies to clean common areas, but it is not being followed. He claims inmates are only given one bucket of water and a small amount of cleaning supplies once a week, which is not adequate to keep the common areas clean. He claims the dirty, moldy conditions at the jail have caused him a skin irritation, chest pains, and shortness of breath.

In evaluating an Eighth Amendment claim, courts conduct both an objective and a subjective inquiry.[1] *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). The objective prong asks whether the alleged deprivation is "sufficiently serious" that the action or inaction of a prison employee leads to "the denial of the minimal civilized measure of life's necessities." *Id*. (cleaned up). The Constitution does not mandate comfortable prisons, but inmates are entitled to adequate ventilation, clothing, and sanitation. *Hardeman v. Curran*, 933 F.3d 816, 820 (7th Cir. 2019). On the subjective prong, the prisoner must allege deliberate indifference to his health or safety. *Farmer*, 511 U.S. at 834; *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005). This is a high standard. "[N]egligence, gross negligence, or even recklessness as the term is used in tort cases is not enough" to state an Eighth Amendment claim. *Hildreth v. Butler*, 960 F.3d 420, 425–26 (7th Cir. 2020). Instead, the inmate must allege "a culpability standard akin to criminal recklessness." *Thomas v. Blackard*, 2 F.4th 716, 722 (7th Cir. 2021).

Mr. Thedford alleges that the jail has black mold, mildew, and an excessive amount of dust and is infested with insects and that inmates are not given adequate supplies to address these conditions. He further claims the conditions are so severe that they have caused him shortness of breath, chest pains, and skin irritation. Giving him the inferences to which he is entitled at this stage, he has satisfied the objective prong. *Smith v. Dart*, 803 F.3d 304, 312–13 (7th Cir. 2015)

---

[1] Although Mr. Thedford is being held at a jail, he makes clear in the complaint that these events occurred after he was convicted and serving a criminal sentence. ECF No. 1 at 5. Therefore, his rights arise under the Eighth Amendment. *Smith v. Dart*, 803 F.3d 304, 309 (7th Cir. 2015).

(prolonged exposure to insects can amount to an Eighth Amendment violation); *Budd v. Motley*, 711 F.3d 840, 843 (7th Cir. 2013) (combination of unhygienic conditions and failure to provide adequate cleaning supplies stated Eighth Amendment claim).

On the subjective prong, the only defendants Mr. Thedford names are the St. Joseph County Jail and Jail Warden Russell Olmstead. The jail is a physical structure, not a "person" or policy-making body that can be sued for constitutional violations under 42 U.S.C. § 1983. *Smith v. Knox Cnty. Jail*, 666 F.3d 1037, 1040 (7th Cir. 2012). As for Warden Olmstead, it appears Mr. Thedford is trying to hold him liable because he is the top official at the jail. ECF No. 1 at 3. Liability under 42 U.S.C. § 1983 is based on personal responsibility, however, and the Warden cannot be held liable for damages solely because of his position. *Mitchell v. Kallas*, 895 F.3d 492, 498 (7th Cir. 2018); *Burks v. Raemisch*, 555 F.3d 592, 595 (7th Cir. 2009). There is insufficient factual content from which the Court could plausibly infer that the Warden was personally involved in these events or otherwise engaged in conduct akin to criminal recklessness.[2] Mere negligence in the maintenance of the jail cannot form the basis for an Eighth Amendment claim. *Hildreth*, 960 F.3d at 425–26. He has not stated a claim for damages against the Warden.

Nevertheless, the Complaint can be read to allege that he is in need of injunctive relief to remedy alleged unconstitutional conditions at the jail. The Warden is a proper defendant for such a claim. *See Gonzalez v. Feinerman*, 663 F.3d 311, 315 (7th Cir. 2011). Mr. Thedford will be permitted to proceed against the Warden in his official capacity solely to obtain injunctive relief needed to remedy the alleged unconstitutional conditions of confinement he describes.[3]

---

[2] He mentions having filed a grievance about the conditions, but the grievance was resolved by Lieutenant K. Brothers, a non-party, and there is no indication it was seen by the Warden. ECF No. 1-1.
[3] The Court notes that Mr. Thedford provides some details about his medical care in the Complaint, such as that he was given pain medication for seven days. He does not expressly seek relief related to his

Although unclear, he may also be trying to assert a claim against the Warden in his official capacity under *Monell v. Department of Social Services of City of New York*, 436 U.S. 658 (1978). Under *Monell*, municipal entities and policy makers "cannot be held liable for the unconstitutional acts of their employees unless those acts were carried out pursuant to an official custom or policy." *Grieveson v. Anderson*, 538 F.3d 763, 771 (7th Cir. 2008) (citations omitted). "The official policy requirement for liability under § 1983 is to distinguish acts of the *municipality* from acts of *employees* of the municipality, and thereby make clear that municipal liability is limited to action for which the municipality is actually responsible." *Id.* (cleaned up).

There is insufficient factual content from which the Court could plausibly infer that the Warden has adopted an official policy of maintaining an unduly dirty and moldy jail. To the contrary, Mr. Thedford alleges that there are policies in place to ensure that the jail is properly maintained but that they are not being followed by certain staff. He has not plausibly alleged that an official policy or custom adopted by the Warden was the "moving force" behind his injury. *Dixon v. County of Cook*, 819 F.3d 343, 348 (7th Cir. 2016).

For these reasons, the Court hereby:

(1) GRANTS the Plaintiff leave to proceed on an official capacity claim against the St. Joseph County Jail Warden under the Eighth Amendment to obtain injunctive relief to remedy black mold, excessive dust, mildewed clothing, and insects at the jail;

(2) DISMISSES all other claims;

(3) DISMISSES the St. Joseph County Jail as a defendant;

---

medical care or name any medical professional as a defendant, and it appears he included this information only as background. If the Court has misunderstood him, he is free to file an amended complaint outlining a medical claim in more detail and specifying the relief he is seeking.

(4) DIRECTS the Clerk of Court to request a Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) the St. Joseph County Jail Warden at the St. Joseph County Jail and to send him a copy of this Opinion and the Complaint [ECF No. 1] pursuant to 28 U.S.C. § 1915(d);

(5) ORDERS the St. Joseph County Sheriff's Office to provide the United States Marshal Service with the full name, date of birth, and last known home address of any defendant who does not waive service, to the extent this information is available; and

(6) ORDERS the Warden to respond, as provided in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claim for which the Plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on October 16, 2023.

s/ Theresa L. Springmann
JUDGE THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT